IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>          v.<br><br>COMMONWEALTH OF VIRGINIA; VIRGINIA STATE BOARD OF ELECTIONS; and SUSAN BEALS, in her official capacity as Commissioner of Elections,<br><br>                   Defendants. | Civil Action No. |

## **COMPLAINT**

The United States of America alleges:

1.      Only U.S. citizens are eligible to vote in U.S. federal elections.  That fact is not in dispute, and there is no evidence of widespread noncitizen voting in the United States.  But that is not what this case is about.

2.      This case is about Section 8(c)(2) of the National Voter Registration Act (NVRA), also known as the Quiet Period Provision, which requires states to complete systematic programs intended to remove the names of ineligible voters from registration lists based on failure to meet initial eligibility requirements by no later than 90 days before federal elections. 52 U.S.C. § 20507(c)(2).

3.      The Quiet Period Provision helps to mitigate the risk that errors in systematic list maintenance will disenfranchise, confuse, or deter eligible voters by ensuring that they have adequate time to address errors and understand their rights.

4.      On August 7, 2024—90 days before the November 5, 2024, federal General Election—the Commonwealth of Virginia announced the formalization of a systematic process to remove "individuals who are unable to verify that they are citizens to the [Virginia] Department of Motor Vehicles from the statewide voter registration list" (the "Program").

5.      In this action, the United States alleges that the implementation of the Program violates the Quiet Period Provision.

6.      The Quiet Period Provision embodies Congress's clear and considered judgment to restrict states from engaging in systematic processes aimed at removing the names of ineligible voters from the rolls in the final days before an election.  And for good reason: systematic removal programs are more error-prone than other forms of list maintenance, and eligible voters placed on the path to removal days or weeks before Election Day may be deterred from voting or unable to participate in the election on the same terms that they would have but for the Commonwealth's error.

7.      The Commonwealth's unlawful actions here have likely confused, deterred, and removed U.S. citizens who are fully eligible to vote—the very scenario that Congress tried to prevent when it enacted the Quiet Period Provision.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 52 U.S.C. § 20510(a) and 28 U.S.C. §§ 1331 and 1345.

9.      Venue is proper in this district pursuant to 28 U.S.C. §§ 127(a) and 1391(b).

## PARTIES

10.     The United States brings this civil action for declaratory or injunctive relief necessary to carry out the NVRA.  52 U.S.C. § 20510(a).

11.     The Commonwealth of Virginia is a state of the United States and is obligated to comply with Section 8 of the NVRA.  52 U.S.C. §§ 20503(a)(1), 20504.

12.     The Virginia State Board of Elections, through the Department of Elections (ELECT), "supervise[s] and coordinate[s] the work of the county and city electoral boards and of the registrars to obtain uniformity in their practices and proceedings and legality and purity in all elections."  Va. Code § 24.2-103(A).

13.     Defendant Susan Beals is the Commissioner of Elections, the chief election officer of the Commonwealth of Virginia.  Va. Code § 24.2-102(B).  As Virginia's chief election official, Commissioner Beals is responsible for coordinating Virginia's responsibilities under the NVRA.  52 U.S.C. § 20509; Va. Code § 24.2-102(B).  Commissioner Beals is required, under Executive Order 35, to certify to the governor that ELECT removes individuals identified by the Virginia Department of Motor Vehicles (DMV) as "unable to verify that they are citizens" from the statewide voter registration list.  *See* Commonwealth of Virginia, Office of the Governor, Executive Order Number Thirty-Five: Comprehensive Election Security Protecting Legal Voters and Accurate Counting (Aug. 7, 2024), https://perma.cc/CK4L-PQ3K.  Commissioner Beals is sued in her official capacity.

## FACTUAL ALLEGATIONS

### Section 8(c)(2) of the National Voter Registration Act

14.     Section 8 of the NVRA establishes requirements for the administration of voter registration for elections for federal office.  52 U.S.C. § 20507.

15.     Section 8(c)(2) of the NVRA, the Quiet Period Provision, specifically directs that a "State shall complete, not later than 90 days prior to the date of a primary or general election

3

for federal office, any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters." 52 U.S.C. § 20507(c)(2)(A).

16.     The Quiet Period Provision does not preclude the removal of names from official lists of voters at the request of the registrant, by reason of criminal conviction or mental incapacity (as provided by State law), or by reason of the death of the registrant. 52 U.S.C. § 20507(c)(2)(B)(i); *see also* 52 U.S.C. § 20507(a)(3)(A)-(B), (4)(A).

17.     The Quiet Period Provision also does not preclude correction of an individual voter's registration records pursuant to the NVRA. 52 U.S.C. § 20507(c)(2)(B)(ii).

18.     The Quiet Period Provision applies to systematic programs intended to remove the names of ineligible voters based on failure to meet initial eligibility requirements—including citizenship—at the time of registration. *See Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1343-48 (11th Cir. 2014).

19.     The Quiet Period Provision thus strikes a careful balance: it permits systematic removal programs at any time *except* for the 90 days before a federal election because that is when the risk of disfranchising eligible voters is the greatest.

**Virginia's Process to Remove Alleged Noncitizens**

20.     On August 7, 2024, 90 days before the November 5, 2024, federal General Election, the Virginia Governor issued Executive Order 35. *See* Commonwealth of Virginia, Office of the Governor, Executive Order Number Thirty-Five: Comprehensive Election Security Protecting Legal Voters and Accurate Counting (Aug. 7, 2024), https://perma.cc/CK4L-PQ3K.

21.     The Executive Order formalized the Program and announced that 6,303 individuals had been removed from the rolls pursuant to the same process between January 2022 and July 2024.

4

22.     Executive Order 35 required, among other things, the Commissioner to "certify" to the Governor that procedures were in place to provide "Daily Updates to the Voter List."

23.     The "Daily Updates" include "[r]emov[ing] individuals who are unable to verify that they are citizens to the Department of Motor Vehicles from the statewide voter registration list."

24.     The "Daily Update" also included "compar[ing] the list of individuals who have been identified as non-citizens to the list of existing registered voters and then [requiring] registrars notify any matches of their pending cancellation unless they affirm their citizenship within 14 days."

25.     Voters are identified as possible noncitizens under the Program if they chose "No" in response to questions about their United States citizenship status on certain forms submitted to the DMV.

26.     Voters who chose "No" are identified as possible noncitizens even if they have previously submitted voter registration forms where they have affirmed that they are U.S. citizens.

27.     When an individual has chosen "No" on a form submitted to the DMV, the Program does not require the DMV to verify the accuracy of that response.

28.     The Virginia DMV sends the Department of Elections (ELECT) a list of purported noncitizens that is generated by the process explained above.

29.     ELECT then attempts to match individuals on the list provided by the DMV to individuals on the voting rolls.

30.     ELECT sends each local registrar a list of purported noncitizens who ELECT identifies as registered to vote in the registrar's jurisdiction.

5

31.     Once ELECT sends each list compiled pursuant to the Program to a registrar, the registrar is required to review each entry on the list and confirm that it matches a voter on their jurisdiction's voter rolls.

32.     The Program does not require the DMV, ELECT, or local registrars to take any steps to confirm an individual's purported noncitizen status prior to mailing the individual a "Notice of Intent to Cancel."  Neither ELECT nor local registrars take any steps to confirm an individual's purported noncitizen status other than mailing the individual a "Notice of Intent to Cancel."

33.     In fact, local registrars do not have any discretion under the Program to decline to send a Notice of Intent to Cancel, even when the registrar has reason to believe that the voter is a United States citizen.

34.     The local registrar sends a Notice of Intent to Cancel to all voters who appear on their jurisdiction's voter rolls.  *See* Exhibit 1.  That Notice reads: "[w]e have received information that you indicated on a recent DMV application that you are not a citizen of the United States.  If the information provided was correct, you are not eligible to vote.  If the information is incorrect and you are a citizen of the United States, please complete the Affirmation of Citizenship form and return it using the enclosed envelope.  If you do not respond within 14 days, you will be removed from the list of registered voters.  If you believe this notice has been issued in error or have questions about this notification, please call the Office of General Registrar."

35.     If a voter fails to respond within 14 days, the voter's registration is automatically removed from the voter rolls and the voter is sent a Voter Registration Cancellation Notice.  *See* Exhibit 2.  That notice informs the voter that the local registrar "has stricken [the voter's] name

from the Voter Registration List" "on the basis of official notification from the Virginia Department of Elections that [the voter] failed to timely respond to a request to affirm [their] United States Citizenship with the 14 days allowed by the Code of Virgina (§24.2-427)."

36.     The Voter Registration Cancellation Notice notes that the voter has been "Declared Non-citizen."

37.     The Voter Registration Cancellation Notice says only to contact "this office" if you believe the removal is incorrect.  It does not provide information on re-registering to vote.

38.     Local registrars have no discretion to prevent cancellation under the Program if the voter does not return an Affirmation of Citizenship, even if the local registrar has reason to believe that the voter is a United States citizen.

39.     The Program is an automated program that constitutes systematic voter list maintenance.

**Voters Have Been Removed From the Rolls Within the 90-Day Quiet Period as a Result of the Program**

40.     The Virginia Governor issued Executive Order 35 exactly 90 days before the general election.

41.     All efforts to carry out the Program mandated by Executive Order 35 would therefore occur during the Quiet Period before the November 5, 2024, federal General Election.

42.     Any voter registration cancellations carried out after August 7, 2024, therefore have occurred in the Quiet Period before the November 5, 2024, federal General Election.

43.     Executive Order 35 directed continued action by requiring ELECT to certify that it continues to remove noncitizens from the voter rolls through the Program.

44.     ELECT has sent, and continues to send, lists of noncitizens as identified by the Program to local registrars during the Quiet Period.

45.     The most recent list was sent by ELECT to local registrars at least as recently as the week of October 7, 2024.

46.     Local registrars continue to send Voter Registration Cancellation Notice letters to voters on those lists.

47.     The voter registrations of those individuals who fail to respond to the Voter Registration Cancellation Notice continue to be automatically cancelled.

48.     Commissioner Beals confirmed that removals pursuant to the Program are ongoing when she testified before the Virginia House Privileges and Elections Committee on September 4, 2024.  *See* Virginia House of Delegates, Recording of House Privileges and Elections Committee Meeting, at 3:09:10pm (Sept. 4, 2024), https://virginiageneralassembly.gov/house/chamber/chamberstream.php.

49.     On September 19, 2024, Commissioner Beals again confirmed that removals pursuant to the Program are ongoing when she sent a letter to the Virginia Governor confirming that daily updates to the voter lists include "[r]emoving individuals who declare or provide documentation indicating no-citizenship status and who do not respond to an affirmation of citizenship notice.  To that end, DMV now shares non-citizen data daily with [the Department of Elections]."  *See* Exhibit 3.

50.     Local registrars have also confirmed that removals pursuant to the Program are ongoing.  The Fairfax County General Registrar's Report, dated September 12, 2024, reported that 28 voters identified by ELECT as purported noncitizens were removed from the county's voter rolls between August 1, 2024, and August 31, 2024.  *See* Fairfax County Office of Elections, General Registrar's Report at 1 (Sept. 12, 2024), https://perma.cc/FD5V-38RF.

51.     At the September 2024 Loudoun County Election board meeting, the Loudoun County Registrar noted that she receives daily information regarding noncitizens and the registar's staff is sending notices of intent to cancel to those individuals. *See* Loudoun County Electoral Board, Meeting recording for September 12, 2024,

https://lfportal.loudoun.gov/LFPortalInternet/Browse.aspx?startid=308878&row=1&dbid=0&cr=1.

52.     Loudoun County removed 90 individuals identified as possible noncitizens in September 2024. *See* Loudoun County Electoral Board, Meeting Agenda for October 10, 2024 at 6, https://lfportal.loudoun.gov/LFPortalinternet/0/edoc/847739/10-10-2024%20LCEB%20Agenda%20Packet.pdf.

53.     From January through August 2024, Loudoun County had removed a total of only 62 individuals identified as alleged noncitizens.

54.     Virginia has therefore conducted, and is continuing to conduct, a systematic process aimed at identifying and removing voters suspected of not meeting Virginia's voter qualification requirements as to citizenship.

55.     That systematic process is being conducted within 90 days of the November 5, 2024, federal General Election.

**Impact of the Program**

56.     The individuals identified as "noncitizens" by the Program include U.S. citizens.

57.     In Prince William County, at least 43 of the 162 individuals identified and subsequently removed before July 31, 2024, using the methodology formalized by the Program for failure to respond to the Notice of Intent to Cancel were likely U.S. citizens. *See* Prince

William County Electoral Board, Meeting Recording for September 30, 2024 at 28:00-33:00, https://www.youtube.com/watch?v=Zr0LSt3xwCk.

58.     At least some voters removed from the rolls have re-registered.  Registration to vote in Virginia requires that a voter attest that they are a U.S. citizen.

59.     The Program identifies U.S. citizens as noncitizens based on the above-described methodology.  At least some of those U.S. citizen voters are removed from the rolls because they do not respond to the Notice of Intent to Cancel within 14 days.  That Voter Registration Cancellation Notice does not provide information on re-registering to vote.

## CAUSE OF ACTION

60.     The United States re-alleges and incorporates by reference the allegations set forth above.

61.     Defendants' continuation of a systematic process to remove purported noncitizens registered to vote in Virginia within 90 days of the November 5, 2024, federal General Election violated and continues to violate Section 8(c)(2) of the NVRA, 52 U.S.C. § 20507(c)(2).

62.     Unless and until ordered to do so by this Court, Defendants will not resolve and remedy this violation of Section 8(c)(2) of the NVRA.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an ORDER:

(1)     Declaring that Defendants have violated Section 8(c)(2) of the NVRA;

(2)     Enjoining Defendants, their agents and successors in office, and all persons acting in concert with them from future non-compliance with Section 8(c)(2) of the NVRA;

(3)     Requiring Defendants, their agents and successors in office, and all persons acting in concert with them to halt use of the Program until after the November 5, 2024, federal

General Election;

(4)     Requiring Defendants, their agents and successors in office, and all persons acting in concert with them, to restore to the voter rolls those U.S. citizens whose registration was cancelled pursuant to the Program during the Quiet Period;

(5)     Requiring Defendants, their agents and successors in office, and all persons acting in concert with them, to provide a remedial mailing to voters who received Notices of Intent to Cancel as part of the Program during the Quiet Period or whose registration was cancelled as part of the Program during the Quiet Period

   a.     Informing those affected U.S. citizens that they have been restored to the voter rolls;

   b.     Explaining that these voters may cast a regular ballot on Election Day in the same manner as other eligible voters;

   c.     Advising individuals who are U.S. citizens, including naturalized citizens, that their identification by the Program does not establish that they are ineligible to vote or subject them to criminal prosecution for registering to vote or for voting; and

   d.     Advising individuals who are not U.S. citizens that they remain ineligible to cast a ballot in elections in Virginia;

(6)     Requiring Defendants, their agents and successors in office, and all persons acting in concert with them to provide prompt and clear information to the general public concerning the halting and reversal of the Program within the Quiet Period and the ability of impacted eligible voters to vote unimpeded on Election Day;

(7)     Requiring Defendants, their agents and successors in office, and all persons acting in concert with them to take all reasonable and practicable efforts to educate local officials, officers of election, and all other election workers concerning the cessation of the

11

Program, the restoration of impacted voters to active status, and the ability of impacted

voters to cast a regular ballot without submitting supplemental paperwork or

documentation; and

(8)    Ordering any such additional relief as the interests of justice may require.

Date:  October 11, 2024

                                                         Respectfully submitted,

KRISTEN CLARKE                                 JESSICA D. ABER
Assistant Attorney General                       United States Attorney
Civil Rights Division                            Eastern District of Virginia


*/s/ Sejal Jhaveri*                              */s/ Steve Gordon*
R. TAMAR HAGLER                                  Steven Gordon
RICHARD A. DELLHEIM                              Assistant United States Attorney
SEJAL JHAVERI                                    United States Attorney's Office
KEVIN MUENCH                                     Eastern District of Virginia
BRIAN REMLINGER                                  2100 Jamieson Ave.
Attorneys, Voting Section                        Alexandria, VA 22314
Civil Rights Division                            (703) 299-3817
U.S. Department of Justice                       Steve.Gordon@usdoj.gov
950 Pennsylvania Avenue, N.W
Washington, D.C. 20530
(202) 305-5451
Sejal.Jhaveri@usdoj.gov

                                                 CHRISTOPHER R. KAVANAUGH
                                                 United States Attorney
                                                 Western District of Virginia

                                                 */s/ Christopher R. Kavanaugh*
                                                 United States Attorney
                                                 United States Attorney's Office
                                                 Western District of Virginia
                                                 255 West Main Street
                                                 Charlottesville, VA 22902
                                                 (434) 293-4283
                                                 Christopher.Kavanaugh@usdoj.gov