IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF VIRGINIA; VIRGINIA STATE BOARD OF ELECTIONS; and SUSAN BEALS, in her official capacity as Commissioner of Elections,<br><br>    Defendants. | Case No. 24-cv-01807 |

### [PROPOSED] ORDER GRANTING THE UNITED STATES' MOTION FOR A PRELIMINARY INJUNCTION

Upon consideration of the United States' Motion for a Preliminary Injunction, ECF No. __, and all responses and replies thereto, the United States's motion is **GRANTED**.

The Court hereby finds and concludes that:

  i.  The United States is likely to establish that the Commonwealth of Virginia, the Virginia State Board of Elections, and Susan Beals in her official capacity as Commissioner of Elections (Virginia Defendants) have violated the Quiet Period Provision, Section 8(c)(2) of the NVRA, 52 U.S.C. § 20507(c)(2), by carrying out a systematic program pursuant to the Virginia Governor's Executive Order 35 intended to remove the names of ineligible voters from registration lists based on failure to meet initial eligibility requirements less than 90 days before a General Election for federal office (Program).

  ii.  Because the Program modified voter registration lists on a basis other than registrants' requests for removal, criminal conviction or mental incapacity, individual request for

correction, or death, the Program was subject to the Quiet Period Provision. *See* 52 U.S.C. § 20507(c)(2)(B).

  iii. Because the Program resulted in the cancellation of voter registrations, the "purpose" of the Program was to "remove the names of . . . voters from the official lists of eligible voters" for purposes of the Quiet Period Provision. 52 U.S.C. § 20507(c)(2)(A).

  iv. Because the Program targeted alleged noncitizens for removal from voter registration lists because of their alleged lack of qualification to register to vote, the Program was intended to remove "ineligible voters" from the official lists of eligible voters for purposes of the Quiet Period Provision. 52 U.S.C. § 20507(c)(2)(A).

  v. Because the Program lacked any process for individualized inquiry into the alleged noncitizens' actual citizenship status and made no attempt to reconcile conflicting information possessed by the Virginia Defendants, the Program was systematic for purposes of the Quiet Period Provision. 52 U.S.C. § 20507(c)(2)(A).

  vi. Because the Program was formalized on August 7, 2024—90 days before the November 5, 2024, General Election for federal office—and directed ongoing implementation, the Program was not completed 90 days prior to the date of a General Election for federal office for purposes of the Quiet Period Provision. *See* 52 U.S.C. § 20507(c)(2)(A).

  vii. The United States and U.S. citizens in Virginia are likely to suffer irreparable harm in the absence of preliminary relief.

  viii. The balance of equities favors a preliminary injunction.

  ix. A preliminary injunction is in the public interest.

Accordingly, it is hereby **ORDERED** that:

1. The Virginia Defendants, along with their agents and successors in office and all persons acting in concert with them, are enjoined from commencing or continuing any systematic program intended to remove the names of ineligible voters from registration lists less than 90 days before the November 5, 2024, federal General Election, although this does not preclude removal of names from the official list of voters at the request of the registrant, by reason of criminal conviction or mental incapacity (as provided by Virginia law), individual correction, or by reason of the death of the registrant.

2. The Virginia Defendants, along with their agents and successors in office and all persons acting in concert with them, are further enjoined from contacting voters identified through a systematic process less than 90 days before the November 5, 2024, federal General Election to direct or urge such voters to submit requests for removal from the official list of eligible voters.

3. Within five days of this Order, the Virginia Defendants, along with their agents and successors in office and all persons acting in concert with them, are hereby ordered to restore voter registrations of registrants cancelled as part of the Program, so long as those individuals did not subsequently request removal from the voter rolls.

4. Within five days of this Order, the Virginia Defendants are ordered to issue guidance to county registrars in every local jurisdiction in Virginia to immediately restore the voter registration records of registrants removed as part of the Program, so long as those individuals (1) did not subsequently submit a voter removal request, or (2) are not subject to removal by reason of criminal conviction or mental incapacity (as provided by State law), or by reason of the death of the registrant.

5. Within five days of this Order, the Virginia Defendants, along with their agents and successors in office and all persons acting in concert with them, are further ordered to provide a remedial mailing to each registrant described in Paragraph 4:

   a. Informing the registrant that their voter registration has been restored to the voter rolls;

   b. Explaining that the registrant may cast a regular ballot on Election Day in the same manner as other eligible voters;

   c. Explaining that the registrant may cast a regular ballot through any other method, including requesting and voting an absentee ballot by mail, made available to eligible voters in the same manner as other eligible voters;

   d. Advising the registrant that inclusion in the Program does not establish that they are ineligible to vote or subject to criminal prosecution or any other penalty for registering to vote or for voting; and

   e. Advising registrants who are not U.S. citizens that they remain ineligible to cast a ballot in Virginia elections.

6. Within five days of this Order, the Virginia Defendants shall:

   a. Post template copies of the remedial mailing described in Paragraph 5, along with a copy of this Order, on the website of the Virginia Department of Elections; and

   b. Shall issue a press release in the customary manner of the Department of Elections that announces this Court's order.

7. Within five days of this Order, the Virginia Defendants, along with their agents and successors in office and all persons acting in concert with them, are further ordered to make all reasonable and practicable efforts to educate local officials, poll workers, and the general

public concerning the cessation of the Program, the restoration of the voter registrations of impacted voters, and the ability of impacted voters to cast a regular ballot without submitting supplemental paperwork or documentation. Such efforts shall include the tracking of poll worker training in all 95 counties and 38 independent cities in the Commonwealth concerning cessation of the Program and the remedial actions required by this Order.

8.  Within five days of this order, the Virginia Defendants shall submit to this Court under seal a report detailing every voter registration cancelled on or after August 8, 2024, to the present. That report shall include the voter's full name (including first, middle, and last names and any suffixes), address, voter identification number, social security number (if available), driver's license number (if available), date of voter registration, date of cancellation, and reason for cancellation. Thereafter and until the November 5, 2024, federal General Election, Defendants shall submit a supplemental report every seven days detailing further efforts to achieve compliance with this Order.

**SO ORDERED.**

Dated: _____, 2024

_____
HON. _____
UNITED STATES DISTRICT JUDGE
