IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>COMMONWEALTH OF VIRGINIA; VIRGINIA STATE BOARD OF ELECTIONS; and SUSAN BEALS, in her official capacity as Commissioner of Elections,<br><br>    *Defendants*. | Case No. 1:24-cv-1807 |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO TRANSFER DIVISION PURSUANT TO LOCAL RULE 3(C) AND 28 U.S.C. § 1404(a)**

Defendants the Commonwealth of Virginia, the Virginia State Board of Elections, and Susan Beals, in her official capacity as Commissioner of Elections, by counsel, submit this brief in support of their Motion to Transfer Division pursuant to Eastern District of Virginia Local Rule 3(C) and 28 U.S.C. § 1404(a).

**INTRODUCTION**

The Richmond Division has a far greater connection to this lawsuit than does the Alexandria Division and, therefore, the case should be transferred to Richmond. Plaintiff's suit under the National Voter Registration Act ("NVRA") has been filed against the Commonwealth, the State Board of Elections, and Virginia's chief election official, Susan Beals, who are all located in Richmond. The known key witnesses at this stage of the case, party and nonparty, are in Richmond. Plaintiff's allegations do not concern acts or omissions of a Defendant that occurred

1

in Alexandria. And to the extent that Plaintiff's allegations concern activities that were not statewide, they allegedly occurred in Richmond.

Because the convenience factors under 28 U.S.C. § 1404(a) weigh heavily in favor of transferring this case from Alexandria to Richmond, this Court should grant Defendants' Motion.

## **ARGUMENT**

Under this District's Local Civil Rules, "[c]ivil actions for which venue is proper in this district *shall be brought in the proper division*, as well. The venue rules stated in 28 U.S.C. § 1391 *et seq.* also *shall apply to determine the proper division* in which an action shall be filed." E.D. Va. Loc. Rule 3(C) (emphasis added). "For the purpose of determining the proper division in which to lay venue, the venue rules stated in 28 U.S.C. § 1391 *et seq.* shall be construed as if the terms 'judicial district' and 'district' were replaced with the term 'division.'" *Id.*

"District Courts have the power to transfer a civil action 'to any other district or division where it might have been brought' if the transferee [division] is more convenient for parties and witnesses." *Hunter v. Dep't of the Army*, No. 3:17-cv-257, 2017 U.S. Dist. LEXIS 227022, at *3 (E.D. Va. Nov. 2, 2017) (quoting 28 U.S.C. § 1404(a)). Courts in this District apply the same four-factor test that they apply in assessing motions to transfer venue to a different judicial district when assessing division transfer motions. See *id.* Under 28 U.S.C. § 1404(a), "[d]istrict courts consider: '(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and, (4) the interest of justice.'" *Id.* (quoting *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs. Inc.*, 791 F.3d 436, 444 (4th Cir. 2015)).

In this case, Plaintiff sued the Commonwealth, the Board of Elections, and Virginia's chief election officer, Susan Beals, in her official capacity, alleging that the state officials responsible for the Commonwealth's election activities violated the NVRA in connection with their official

2

duties undertaken pursuant to the laws of this Commonwealth. Because Plaintiff's choice of forum, Alexandria, bears no special relationship to Plaintiff's claims—but the Richmond Division does—and all other factors weigh heavily in favor of a transfer, this Court should grant Defendants' Motion and transfer the case to the Richmond Division.

A. **Plaintiff's choice of venue in the Alexandria Division deserves no deference because it has no specific connection to this action.**

"The first factor to be considered is the level of deference that should be given to the Plaintiff's choice of this forum in which to adjudicate its claims." *Mullins v. Equifax Info. Servs., LLC*, No. 3:05-CV-888, 2006 U.S. Dist. LEXIS 24650, at *17 (E.D. Va. Apr. 28, 2006). "When the plaintiff's choice of forum is neither the nucleus of operative facts, nor the plaintiff's home forum, the plaintiff's choice is accorded less weight." *Id.* (citing *Intranexus, Inc. v. Siemens Medical Solutions Health Services Corp.*, 227 F. Supp. 2d 581, 583 (E.D. Va. 2002)).

Based on the facts alleged in Plaintiff's Complaint, Plaintiff's claims have no particular connection to the Alexandria Division. To the contrary, Plaintiff's claims relate to a noncitizen registrant investigation process that occurs across the Commonwealth to confirm whether an individual is eligible to vote. And to the extent that Plaintiff's claims relate to allegations concerning specific acts or omissions by the Defendants rather than to activities occurring statewide, those alleged decisions, actions, or omissions were official and governmental in nature and made in the state capital—Richmond. Indeed, much of the Complaint focuses on the actions of the Governor and other officials, such as Commissioner Beals, in Richmond, and the actions of other state agencies—such as the Department of Elections ("ELECT") and the Department of Motor Vehicles ("DMV")—that are also in Richmond. See, *e.g.*, Compl. ¶¶ 20 (describing the Governor's issuance of E.O. 35), 40 (same), 25–29, 43–45 (allegations concerning the DMV and

3

ELECT), 48 (describing Commissioner Beals's testimony before the Virginia House of Delegates) & Ex. 3 (correspondence from Commissioner Beals to the Governor).

Moreover, to the extent the United States as a plaintiff is considered at home in a particular division of a U.S. district court, it is equally at home in any other division within that court. Simply put, the "Government is equally a resident of all federal districts." *United States v. Vision Quest Indus., Inc.*, No. 20-2365 (MJD/KMM), 2021 U.S. Dist. LEXIS 99676, at *14 (D. Minn. May 26, 2021). If the United States is at home in the Alexandria Division, it is just as much at home in Richmond. Therefore, Plaintiff's choice of forum "does not weigh heavily." *Id*. at *13.

Because the "nucleus of operative fact" for this case has a much closer relationship with Richmond than any other location in the Commonwealth, and certainly than Alexandria, and Alexandria is no more Plaintiff's home forum than Richmond, Plaintiff's choice of forum is not entitled to any weight. *Mullins*, 2006 U.S. Dist. LEXIS 24650, at *18–19.

**B.      Witness convenience and access favors the Richmond Division.**

The next factor courts examine is witness convenience and access. *Hunter*, 2017 U.S. Dist. LEXIS 227022, at *4–5. Courts look to the convenience of both party and nonparty witnesses. While the convenience of nonparty witnesses is typically afforded greater weight in a decision on a motion to transfer venue, see *Mullins*, 2006 U.S. Dist. LEXIS 24650, at *23, "greater weight should [also] be accorded inconvenience to witnesses whose testimony is central to a claim and whose credibility is also likely to be an important issue." *Id.* (internal quotation marks omitted) (quoting *Koh v. Microtek, Int'l, Inc.*, 250 F. Supp. 2d 627 (E.D. Va. 2003)).

Given that this action was filed only days ago, see ECF No. 1, and Defendants were served only yesterday, see ECF No. 8, Defendants have had little time to evaluate the potential witnesses, including nonparties, on whom Defendants may rely. Those witnesses, however, will plainly be

4

in Richmond. The state capital of the Commonwealth is in Richmond, the offices of ELECT are in Richmond, and the office of Susan Beals, Virginia's chief election official, is in Richmond. The Virginia Department of Motor Vehicles, whose activities are repeatedly mentioned by Plaintiff, is headquartered in Richmond as well. This factor strongly favors transfer to the Richmond Division.

**C.     Party convenience and access strongly favors the Richmond Division.**

"The starting point for this determination is the residence of the Parties." *Kattan v. Va. Dep't of Env't Quality*, No. 2:21-cv-279, 2021 U.S. Dist. LEXIS 271623, at *9 (E.D. Va. Dec. 22, 2021) (citing *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 738 (E.D. Va. 2007)).

The seat of the Commonwealth's government is Richmond, and Virginia's election officials, including Commissioner Beals, likewise conduct their business from the state capital. As Plaintiff is aware, Commissioner Beals and the members of the State Board of Elections are in the midst of the most critical time for the carrying out of their duties. In the days leading up to Election Day with voting already underway, the Defendants that Plaintiff has sued are extraordinarily busy ensuring that Virginia's election is safe, secure, and fair. The continued litigation of this action in Alexandria, rather than their place of business in Richmond, would cause the Defendants, including Commissioner Beals and the State Board, significant inconvenience.

As the United States is the only Plaintiff party, it would be hard-pressed to identify any arguments in support of party convenience outside of the possible convenience of its counsel. Convenience to a party's counsel, however, is not a relevant consideration on this factor. See, *e.g.*, *United States v. Vision Quest Indus., Inc.*, 2021 U.S. Dist. LEXIS 99676, at *9 (D. Minn. May 26, 2021). In any event, the Department of Justice has an U.S. Attorney's Office in Richmond. *Id*. (noting the government had an office in the transferee district and granting transfer).

The party convenience factor weighs heavily in favor of transfer to Richmond.

**D.     The interests of justice favor transfer to Richmond.**

The final factor courts consider in the Section 1404(a) analysis is the interests of justice, which "encompasses public interest factors aimed at 'systemic integrity and fairness.'" *Mullins*, 2006 U.S. Dist. LEXIS 24650, at *26 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)). "When determining whether a fair proceeding requires a transfer of venue, courts often consider docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Id.* (citation omitted). Courts have also looked to the balance of the first three factors when determining whether the interests of justice favor transfer. *E.g., Hunter*, 2017 U.S. Dist. LEXIS 227022, at *6.

The interests of justice likewise militate in favor of transfer. As a practical matter, "docket congestion" favors transfer from Alexandria to Richmond given the distribution of cases in the Eastern District. Moreover, the Richmond Division is well suited to address the issues raised in this matter quickly because, as the seat of the Commonwealth's government, the Division frequently sees similar suits involving state officer defendants.

While this is not a local controversy, the allegations of the Complaint challenge the activities and decisions of Virginia's election officials and the Commonwealth itself. The Commonwealth, its citizens, and Virginia's election and government officials have a significant interest in having this dispute adjudicated in Richmond, the seat of Virginia's government and the primary location where its officials conduct their day-to-day business.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant the Motion and transfer this action to the Richmond Division.

**Respectfully Submitted,**

**COMMONWEALTH OF VIRGINIA**; **VIRGINIA STATE BOARD OF ELECTIONS**; and **SUSAN BEALS**, in her official capacity as Commissioner of Elections**,**

By:     */s/ Thomas J. Sanford*

| | |
|---|---|
| Jason S. Miyares<br>  *Attorney General of Virginia* | Thomas J. Sanford (VSB No. 95965)*<br>  *Deputy Attorney General* |
| Steven G. Popps<br>  *Chief Deputy Attorney General* | Stanley W. Hammer (VSB No. 82181)*<br>  *Assistant Attorney General* |

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 692-0551
Facsimile: (804) 371-2087
TSanford@oag.state.va.us
SHammer@oag.state.va.us

*Counsel of Record for Defendants*

7

## **CERTIFICATE**

I hereby certify that on October 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

*/s/ Thomas J. Sanford*
Counsel for Defendants
